## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID IRA FLEISHMAN,

    Plaintiff,

v.

TRUIST BANK; and
TRANS UNION LLC;

    Defendants.

Case No.:

## COMPLAINT

## (Jury Trial Demanded)

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual residing in Palm Beach Gardens, Florida.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

1

6. Defendant Truist Bank ("Truist") is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Trans Union LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff has one account with Truist, account ending 3343. The account is a secured credit card that Plaintiff opened on or about February 23, 2022.

10. TransUnion's credit report shows this same Truist account reported twice as two separate tradelines, both bearing account number XXX3343 and both reflecting a balance of $1,815.00. Only one account exists. The duplicate entry inflates Plaintiff's reported liability and overstates the number of derogatory tradelines on his credit report.

11. In or around January 2026, Plaintiff checked his credit reports and discovered that TransUnion was reporting two separate tradelines for the same Truist account.

12. Specifically, TransUnion reported: (a) one Truist tradeline under account number XXXX3343, opened February 23, 2022, with a balance of $1,815.00 and a status of charged off; and (b) a second, duplicate Truist tradeline under the same account number XXXX3343, also with a balance of $1,815.00 and a status of charged off.

2

13. The false information regarding the duplicate Truist account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

14. Upon information and belief, TransUnion published the false information regarding the duplicate Truist account to third parties.

15. Plaintiff has lost time and incurred expense working to resolve the adverse information associated with the account to prevent further harm.

## WRITTEN DISPUTES

16. On or about January 14, 2026, Plaintiff sent a written letter to TransUnion disputing the inaccurate information regarding the duplicate Truist account reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

17. Plaintiff's January 14, 2026 dispute letter specifically identified both duplicate Truist tradelines by account number XXX3343 and explained that the credit report reflected a duplicate entry for a debt owed to Truist, showing two accounts when only one existed.

18. TransUnion forwarded Plaintiff's dispute to Truist for reinvestigation.

19. Truist received notification of Plaintiff's dispute from TransUnion.

3

20.     Despite receiving Plaintiff's dispute, neither TransUnion nor Truist corrected the duplicate reporting. The duplicate Truist tradeline continued to appear on Plaintiff's TransUnion credit report.

21.     On or about February 18, 2026, Plaintiff sent a second written letter to TransUnion again disputing the duplicate Truist account. Plaintiff's second dispute letter again identified both tradelines by account number XXXX3343 and again explained that the credit report reflected a duplicate entry showing two accounts when only one existed.

22.     TransUnion forwarded Plaintiff's second dispute to Truist for reinvestigation.

23.     Truist received notification of Plaintiff's second dispute from TransUnion.

24.     Truist failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25.     TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

26.     Truist failed to instruct TransUnion to correct the false information reporting on Plaintiff's consumer report.

4

27.     TransUnion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

28.     TransUnion employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

29.     At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

30.     As of March 30, 2026, Plaintiff's TransUnion credit report continues to show the duplicate Truist tradeline. Two separate written disputes identifying the exact same error produced no correction.

## COUNT I – TRUIST BANK

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

31.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

32.     After receiving Plaintiff's dispute, Truist failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

33.     Truist violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

34.     As a result of this conduct, action, and inaction of Truist, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

35.     Truist's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

36.     In the alternative, Truist was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

37.     Plaintiff is entitled to recover costs and attorneys' fees from Truist pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – TRANS UNION LLC

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

38.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39.     After receiving Plaintiff's dispute, TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

40.     TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

41. As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. The conduct, action, and inaction of TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

43. In the alternative, TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – TRANS UNION LLC

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving Plaintiff's dispute, TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

47. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to

7

maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

48.     As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49.     The conduct, action, and inaction of TransUnion was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

50.     In the alternative, TransUnion acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

51.     Plaintiff is entitled to recover costs and attorneys' fees from TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

a. Trial by jury.

b. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

c. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

d. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

e. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: July 17, 2026


Respectfully submitted,

SCHLAM LAW, P.A.
Counsel for Plaintff
3594 S Ocean Blvd, Ste #607
Highland Beach, FL 33487
Phone: (954) 804-6888

By: */s/ Myles B. Schlam___*
Myles B. Schlam, Esq.
Florida Bar No. 127200

9